UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDRE BROWN,

         Plaintiff,

   -v-

SERGEANT LEONARDE, et al.,

         Defendants.

DECISION AND ORDER
11-CV-0035S(Sc)

FILED MAY 1 – 2013 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

---

## PROCEDURAL BACKGROUND

This *pro se* prisoner civil rights action under 42 U.S.C. § 1983 was first filed in the United States District Court, Southern District of New York on December 1, 2010 (Docket Nos. 1 and 2) and transferred to this Court by Order, dated December 30, 2010, because the events giving rise to claims pled in the Complaint occurred at the Attica Correctional Facility. The Complaint was signed and dated November 8, 2010. Plaintiff, after being directed to submit additional information in support of his application to proceed *in forma paupers*, was granted leave to proceed *in forma pauperis* and the Clerk of the Court was directed to cause the United States Marshals Service to serve the Summons and Complaint upon the four defendants. (Docket No. 8.) Plaintiff was sent a Notice, along with the appropriate number of blank Summonses and Marshal Forms, with directions to complete and return them to the Court so the Marshals Service could serve the defendants. The Summonses and Marshal Forms were re-sent to plaintiff on December 5, 2011, and on March 23, 2012, when the Court still had not received them back from plaintiff, an Order was issued, pursuant to Fed.R.Civ.P. 4(m), directing plaintiff to show cause why this action should not be dismissed without prejudice for plaintiff's failure to effect service. (Docket No. 10.)

On April 2, 2012, plaintiff filed a response to the Order stating that he had not received the blank Summonses and Marshal Forms, and asking that he be permitted to file an amended complaint and that he be forwarded 25 summonses and Marshal Forms in order to serve all the defendants he presumably intended to add and name in the amended complaint. (Docket No. 11.) The initial

Complaint that the Court had directed to be served, *see* 28 U.S.C. § 1915(e)(2)(B) and 1915A, had named only four defendants--Sergeant Leonarde, and Correctional Officers ("CO" or "COs") Victor, Damstetter and Connolley--and alleged that these defendants had assaulted plaintiff on October 16, 2007. (Docket No. 2.) The Court found that plaintiff had shown cause why the Complaint should not be dismissed and advised plaintiff that, pursuant to Fed.R.Civ.P. 15(a)(1), he could file an amended complaint as a matter of course without leave of court and that, in order not to delay service any longer, he had to file an amended complaint no later than May 11, 2012. Plaintiff was further advised that if he did not file an amended complaint by that date, he would again be forwarded the appropriate number of summonses and Marshal Forms to serve the four defendants named in the Complaint. (Docket No. 12.)

After a number of requested extensions of time, plaintiff filed an Amended Complaint (Docket No. 17), alleging, *inter alia*, the use of excessive force by the four defendants sued initially and *respondeat superior*/supervisory liability against a number of supervisory officials and the New York State Department of Corrections and Community Supervision ("DOCCS"), formerly New York State Department of Corrections. Plaintiff also raised, primarily, claims of retaliation against the numerous defendants named in the Amended Complaint. The Amended Complaint must now be screened by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b).

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even

pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the Amended Complaint, the Court finds that each of the new or additional claims set forth in the Amended Complaint (Second-Seventh Cause of Action) will be dismissed because they were not brought within the applicable statute of limitations unless plaintiff shows cause, in writing and as directed below, why those claims should not be dismissed as time barred. As to the initial claim brought in the Complaint and re-plead in the Amended Complaint--*i.e.*, an assault on October 16, 2007 (Amended Complaint, First Cause of Action, ¶¶ 39-45, and 72-76)--, the Court will direct that service be made at this time as to that claim alone against the originally named defendants Sergeant Leonarde, and Correctional Officers Victor, Damstetter and Connolley.

### A. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on October 16, 2007, while his Company was going to the Yard for recreation, he was stopped and pat or strip frisked and then assaulted by defendants, COs Victor, Connolley and Damstetter, in the presence of defendant, Sergeant Leonarde. As a result, plaintiff claims to suffer from Grand Mal Seizures. (Docket No. 17, Amended Complaint, ¶¶ 39-45). The following day, plaintiff contacted his family who contacted Attica and requested emergency

medical attention. Defendant O'Connor took a report and plaintiff was later escorted to medical, where he was seen by a Physician's Assistant and later returned to his cell. (*Id.*, ¶ 46.)

Plaintiff next alleges that shortly after his family contacted Attica regarding the assault he was retaliated against. He alleges that on two separate occasions, October 20 and October 23, 2007, defendants Victor and Backus forced him to go outdoors in the rain. Backus denied plaintiff a poncho and issued a false misbehavior report charging plaintiff with violating a direct order to go to outdoors to the Yard and "clean confining" plaintiff to his cell. (*Id.*, ¶¶ 47-48.) After an attorney contacted the Facility on behalf of plaintiff on October 24, 2007, to address the retaliation, plaintiff alleges that he was again retaliated against when defendant Lt. Dougherty, the Hearing Officer for the Disciplinary Hearing held in relation to the Misbehavior Report issued by Backus, found plaintiff guilty despite finding plaintiff's testimony to be truthful. Plaintiff was keeplocked for 30 days and lost his commissary and phone privileges for 30 days. (*Id.*, ¶¶ 49-51.)

On October 30, 2007, defendant Retrosi, an Investigator with the Inspector General's Office, interviewed plaintiff with respect to the complaints plaintiff's family had made to defendant Roy, Inspector General, and told plaintiff that the retaliation would cease but that it would be difficult to press charges against those involved in the alleged assault due to the strength of the Correctional Officers' Union. (*Id.*, ¶ 52.) The next day, while plaintiff was moved from D-Block to A-Block, defendants Sergeant O'Connor and CO Smallock, and others at the direction of O'Connor, stole plaintiff's property. Plaintiff notified defendant Sergeant Markowski about this and Markowski stated "you expect me to do something about you snitching on my fellow officers" and yelled expletives at plaintiff. Plaintiff then overheard Markowksi tell defendant CO Bruner that they were going to "F*** plaintiff up." Bruner then began calling plaintiff a "nigger" and "homosexual" and a number of other derogatory "names." (*Id.*, ¶ 54.)

Plaintiff filed a grievance on October 31, 2007, regarding Markowski and Bruner's conduct and requesting protection from the Attica administration from the use of force or "being set-up" at Attica. Plaintiff requested a transfer and that the correctional officers be reprimanded for their "retaliatory mindset." (Amended Complaint, ¶ 55.) Plaintiff filed another grievance on November 2, 2007, claiming that he was being threatened, that he had been stripped of his property and that he feared for his life. Defendant Daugherty interviewed plaintiff and advised plaintiff that he had to substantiate his claims. (*Id.*, ¶ 56.) On November 5, 2007, plaintiff filed a grievance alleging that he was denied a keeplock shower by defendant CO Bruner on November 3 and 5, and that Bruner told him that he would not get a shower "until he stopped taking it in the ass." (*Id.*, ¶ 57.) On that same day, plaintiff spoke to defendant Sergeant Leonarde regarding the lack of electricity in his cell and Leonarde asked him "who did [you] piss off" and was told to address it with whomever turned off the electricity. Plaintiff grieved this incident. (*Id.*, ¶ 58.)

On November 6, 2007, plaintiff wrote to defendant Superintendent Conway about the actions of Conway's subordinates and chronicling the various events that had occurred since the assault on October 16. Plaintiff requested that Conway "extinguish the conflagration at the hands of defendants" and assist him in having the power in his cell be turned on so he could work on his litigation. (*Id.*, ¶¶ 59-60.) Plaintiff wrote to Conway again on November 9 about Conway's "inactivity" in ceasing the conflagration and to advise him that he had not been afforded a shower nor provided with power in his cell. Plaintiff also advised Conway that his eyes had been "strained" because of the lack of light in his cell and that defendant CO Blidge was tampering with plaintiff's mail. (*Id.*, ¶¶ 61-62.)

On November 13, 2007, Lt. Daugherty concluded that plaintiff's grievance was without merit. Plaintiff alleges that the Conway administration "ushered plaintiff's claims under the rug covering [up] the allegations of abuse, stolen property, misconduct and deliberate indifference against plaintiff. Plaintiff appealed the denial of the grievance to Conway and the Central Officer Review Committee ("CORC"). Plaintiff was interviewed by defendant Lt. Iglemoore about the

assault on October 16, and Iglemoore found that there was no evidence to support the allegations and the grievance was denied by Conway on November 14 and by CORC on January 30, 2008. (Amended Complaint, Exhibits M and P.) CORC also upheld the denial of the grievance related to the theft of plaintiff's property finding that the allegations of stolen property and threats upon plaintiff's life had been investigated and found to be without merit. Plaintiff alleges that CORC falsified its report to bolster the cover-up by Conway's administration. (Amended Complaint, ¶ 63-70.)

The Amended Complaint sets forth seven causes of action. The seven causes of action are numbered First through Sixth, and "Tenth," which is referred to herein as the "Seventh" cause of action below. (Amended Complaint, ¶ ¶ 72-121.)

### B. STATUTE OF LIMITATIONS

As noted, the only claim alleged in the original Complaint was that defendants COs Connolley, Damstetter and Victor assaulted plaintiff on October 16, 2007, and that Leonarde allowed the assault to occur. The complaint was signed and dated November 8, 2010, and the Amended Complaint was signed and dated October 19, 2012. *See* n. 1, *infra*. The Amended Complaint re-alleges the assault claim against the same four defendants named initially, and also asserts a number of new claims against a number of additional defendants  The new claims are supervisory liability claims and retaliation claims, despite some of the labels attached to them by plaintiff in the Amended Complaint (Amended Complaint, ¶ ¶ 72-121). The acts of retaliation allegedly occurred sometime between October 23, 2007 and January 30, 2008--the date plaintiff alleges his grievances in relation to the assault and others issues were ultimately denied by CORC. (Amended Complaint, ¶ ¶ 47-68, Exhibit P.)

The applicable statute of limitations for actions filed under 42 U.S.C. § 1983 is the three-year period provided for in New York's CPLR § 214(2). *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). In addition, federal courts are required to borrow New York's rules for tolling the statute of limitations unless the rules are

inconsistent with federal law. *Board of Regents of University of State of New York v. Tomanio*, 446 U.S. 478, 487-491 (1980). As noted, plaintiff's initial Complaint, which was signed and dated (and thus filed) on November 8, 2010,[1] relates to the alleged assault on October 16, 2007, and the new claims raised in the Amended Complaint allege a number of acts that plaintiff claims were retaliatory for his and his family's grievances and complaints and occurred between October 23, 2007 (forced to stand in rain) and January 30, 2008 (CORC's denial of his grievance). Based on this, it is apparent that the three-year time period during which plaintiff could have brought his original claim and the claims pled in the Amended Complaint expired before plaintiff filed both the Complaint and the Amended Complaint, and that none of the new claims raised in the Amended Complaint relate back to the date of filing of the original Complaint (November 8, 2010).

While the Court finds that the original assault claim pled in the Complaint was timely brought due to the toll provided for plaintiff's filing of the grievance related to the assault, which was filed on November 6, 2007 and denied by CORC on January 30, 2008 (Complaint, Exhibits, Grievance No. 52726-07; Amended Complaint, Grievance No. 52726-07, Exhibits M and P), there is no basis shown, at this time, to toll the limitations period for any of the new claims pled in the Amended Complaint, *see* Article 2 of New York's CPLR.

1. Claim pled in Complaint

As noted, the one claim pled in the Complaint and the First Claim of the Amended Complaint, accrued on the date of the assault, October 16, 2007,[2] and plaintiff signed and dated

---

[1]The prisoner "mail box rule" provides that a *pro se* prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing, *see Houston v. Lack*, 487 U.S. 266, 271 (1988); *see also Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994), and "'[a]bsent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it.'" *Johnson v. Coombe*, 156 F.Supp.2d 273 (S.D.N.Y.2001) (quoting *Torres v. Irvin*, 33 F.Supp.2d 257, 270 (S.D.N.Y.1998) (citing cases)).

[2]Although New York law provides the limitations period, accrual of the federal cause of action is a matter of federal law. *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir.2001). Under federal law, a section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir.2002) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980)).

the Complaint and thus "filed" it in the Southern District of New York on November 8, 2010. (Complaint, at p.7; *see* n. 1, *supra*.). Thus, in the absence of any tolling, the First Claim would be barred by the applicable statute of limitations because the Complaint was not filed within three years of the date of the assault or, in other words, on or before October 16, 2010. However, plaintiff is entitled to a tolling of the statute of limitations for the period of time during which his grievance related to assault was pending (November 16, 2007-January 30, 2008). (Complaint, Exhibits, and Amended Complaint, ¶¶ 63-70, and Exhibits M and P).³ During this time, plaintiff was exhausting his internal administrative procedures as required before bringing suit, *see* 42 U.S.C. § 1997e,⁴--and thus this claim, and only this claim, is not time barred.

It has been held by the United States Court of Appeals for the Second Circuit that the statute of limitations for a § 1983 action "must be tolled while a prisoner completes the mandatory exhaustion process" set out in 42 U.S.C. § 1997e(a). *Gonzalez v. Hasty*, 651 F.3d 318, 323–24 (2d Cir.2011) (internal citation and quotation marks omitted). As noted, plaintiff was pursuing his administrative grievance process from November 6, 2007, the date of filing of the grievance (Amended Complaint, Exhibit M, Grievance No. A-52726-07) through January 30, 2008, the date CORC denied the grievance (*id.*, Exhibit P), and thus that entire period of time (85 days) was tolled. Plaintiff signed and dated the original Complaint, *see* n. 1, *supra*, on November 8, 2010, (Docket No. 2, Complaint, at 7), which was 23 days after the three year statute of limitations expired on October 16, 2010. The tolling period thereby renders the assault claim pled in the original Complaint and Amended Complaint, First Cause of Action timely and the Clerk of the Court will be directed to cause the United States Marshals Service to serve the

---

³*See Chance v. Armstrong*, 143 F.3d 698, 698 n.1 (2d Cir. 1998) ("the court may consider facts set forth in exhibits attached as part of the complaint as well as those in the formal complaint itself"); *see Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

⁴According to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted."

Amended Complaint upon defendants Sergeant Leonarde and COs Victor, Damstetter and Connolley with respect to the First Cause of Action only.

2. New claims pled in Amended Complaint

The additional or new claims brought in the Amended Complaint (Amended Complaint, Second-Seven Causes of Actions ¶¶ 78-120) are alleged to have occurred on various dates beginning on or about October 23, 2007 and ending on January 30, 2008. Because the Amended Complaint was not filed until October 19, 2012--*i.e.*, the date plaintiff signed the Amended Complaint--all of the new claims are barred because they were not brought within three years of the dates they accrued. The question then becomes whether these new claims "relate back" to the date of filing of the original Complaint on November 8, 2010. *See* Fed.R.Civ.P. 15(c).

Pursuant to Rule 15(c)(1)(B), as relevant here, in order for a claim pled in an amended pleading to relate back to the date of the original pleading, the "amendment [must] assert[] a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading. . . ."[5] "For a newly added [claim] to relate back, 'the basic claim must have arisen out of the conduct set forth in the original pleading....'" *Tho Dinh Tran v. Alphonse Hotel Corp*, 281 F.3d 23, 36 (2d Cir. 2002) (*overruled on other grounds by Slatyon v. American Exp. Co.*, 460 F.3d 215, 227-28 (2d Cir. 2006)(quoting *Schiavone v. Fortune*, 477

---

[5]Rule 15(c) in its entirety provides that:

An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The language of the relation back test under New York State law mirrors that of Rule 15(c).

U.S. 21, 29 (1986)). Under Rule 15, the "central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Stevelman v. Alias Research*, 174 F.3d 79, 86 (2d Cir. 1999) (internal quotations and citation omitted). "Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs." *Slayton*, 460 F.23d at 228 (citing *Stevelman*, 174 F.3d at 87).

The Court finds that the retaliation and other claims first pled in the Amended Complaint do not relate back to the assault claim pled in the original Complaint because while the retaliation claims are based on plaintiff's and his family's complaints about the assault they do not arise out of the original factual situation pled in the complaint. "[C]laims that are based on an entirely distinct set of factual allegations will not relate back." *Slayton*, 460 F.3d at 228 (internal quotation marks omitted). The facts alleged in the original Complaint were only that plaintiff was assaulted by three correctional officers in the presence of a correctional sergeant. The additional claims pled in the Amended Complaint are brought against entirely different defendants and relate primarily to alleged acts of retaliation and a "cover-up" that occurred after the assault. It cannot be said that the new claims of retaliation, including such alleged acts as the filing of a misbehavior report, the finding of guilt at a disciplinary hearing, the denial of grievances, the fabrication of reports and a faulty investigation by the Inspector General's Office in order to cover up the acts of defendants' subordinates, arise out of same conduct set out in the Complaint--an assault. As such, the new claims set forth in the Amended Complaint do not relate back to the date of filing of the original Complaint on November 8, 2010, and are time barred.

To the extent some of the additional claims pled in the Amended Complaint can be construed as alleging a claim of supervisory liability and failure to train the correctional officers that assaulted plaintiff on October 16, 2007 (Amended Complaint, Sixth-Seventh Cause of Action, ¶¶ 110-121), they arguably relate back to the assault of October 16, 2007 and would be

timely but, because there is no *respondeat superior* (a term used by plaintiff in the Amended Complaint (*id.*, ¶ 84) under § 1983, those claims fail to state a claim upon which can be granted and must be dismissed in any event. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978) ( a plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action); *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim"). Because these claims fail to demonstrate the any of the supervisory defendants' personal involvement in the alleged constitutional deprivation on October 16, 2007, the claims against them must be dismissed with prejudice.

Before the Second through Seventh Causes of Action set forth in the Amended Complaint can be dismissed on the basis of the statute of limitations, however, plaintiff must be provided notice and an opportunity to heard related to the statute of limitations issue. *See Abbas*, 480 F.3d at 640 (citing *Jones v. Bock*, 549 U.S. 199, 213-17 (2007)). Accordingly, plaintiff must show cause, in writing no later than **June 3, 2013**, why the Second through Seventh Causes of Action of the Amended Complaint should not be dismissed with prejudice because they were not filed within three-years from the date the claims accrued and because they do not relate back to the date of filing of the original Complaint.

## CONCLUSION

For the reasons set forth above, the First Cause of Action of the First Amended Complaint as against defendants Sergeant Leonarde and Correctional Officers Victor, Damstetter and Connolley may be proceed to service at this time, *see* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b),[6] and the remaining claims will be dismissed (Amended Complaint, Second through Seventh Cause of Action), in their entirety, with prejudice unless plaintiff shows cause, in writing, no later than **June 3, 2013**, why the remaining claims should not be dismissed on the

---

[6]The Court notes that while it is its general procedure not to direct service on one or more claims while other claims are still subject to initial review, it finds it is prudent in this case to allow service of the First Claim to occur at this time so as not to delay this action any further.

basis of the statute of limitations. If plaintiff fails to show cause by **June 3, 2013**, the Second through Seventh Cause of Action will be dismissed, in their entirety, without any further order of the Court or notice to plaintiff.

## ORDER

IT HEREBY IS ORDERED, that the Clerk of the Court is directed to cause the United States Marshals Service serve the Summons, Amended Complaint and this Order upon defendants Sergeant Leonarde and Correctional Officers Victor, Damstetter and Connolley at the Attica Correctional Facility, with respect to the First Cause of Action only, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor, and that, pursuant to 42 U.S.C. § 1997e(g)(2), these defendants are directed to answer the Amended Complaint;[7]

FURTHER, the Clerk of the Court is also directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>;

FURTHER, that plaintiff must file a response to this Order and show cause why the Second through Seventh Cause of Action set forth in the Amended Complaint should not be dismissed on the basis that they are barred by the statute of limitations by **June 3 2013**;

FURTHER, that in the event plaintiff fails to file a response to this Order as directed above by **June 3, 2013**, the Second through Seventh Cause of Action set forth in the Amended Complaint shall be dismissed with prejudice without further order of the Court or notice to plaintiff; and

FURTHER, that in the event the Second through Seventh Causes of Action set forth in the Amended Complaint are dismissed because plaintiff has failed to file a response to this Order

---

[7]Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.

by **June 3, 2013**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 26, 2012
Rochester, New York