UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| Andre Brown, | **Hon. Hugh B. Scott** |
| Plaintiff, | 11CV35S |
| | **Report & Recommendation** |
| v. | |
| Sergeant Leonarde, et al., | |
| Defendants. | |

_____

Before the Court is the defendants' motion for summary judgment (Docket No. 53).

## Background

The plaintiff's original complaint in this matter was signed and dated November 8, 2010. In that complaint, the plaintiff alleged that on October 16, 2007, while he was going to "the Yard" for recreation, he was stopped, frisked and then assaulted by defendant correction officers Victor, Connolley and Damstetter, in the presence of defendant Leonarde. (Docket No. 2 at page 3). He reasserted that claim in this Amended Complaint. (Docket No. 17, Amended Complaint, ¶¶ 39-45).[1]

---

[1] The plaintiff's Amended Complaint also alleged various retaliation claims against other defendants. Those claims were dismissed as untimely by District Judge David G. Larimer (Docket No. 18).

1

**Discussion**

The defendants have moved for summary judgment, as to all defendants, asserting that the plaintiff's sole remaining claim relating to the alleged October 16, 2007 assault was not brought within the applicable statute of limitations.[2] (Docket No. 53).  This argument has already been decided by District Judge David G. Larimer in his Decision filed on May 1, 2013.  (Docket No. 18). In that Order, Judge Larimer found that the plaintiff's original complaint was deemed "filed" on November 8, 2010 pursuant to the "mail box rule." (Docket No. 18 at page 7).[3]   Judge Larimer further found that the plaintiff was entitled to a tolling of the statute of limitations for the period of time during which his grievance relating to the assault was pending. (Docket No. 18 at page 8).  Judge Larimer also determined that the limitations period was tolled 85 days through January 30, 2008.  Thus, Judge Larimer concluded that the original complaint was timely filed on November 8, 2010.  (Docket No. 18 at pages 8-9).

The defendants do not refer to Judge Larimer's decision in their papers in support of the instant motion.  The defendants do not articulate any basis to challenge Judge Larimer's conclusion that the plaintiff was entitled to a tolling of the statute of limitations, rendering his

---

[2]  It is undisputed that the applicable statute of limitations in this case is three years. The applicable statute of limitations for actions filed under 42 U.S.C. § 1983 is the three year period provided for in New York's CPLR § 214(2). *Owens v. Okure,* 488 U.S. 235, 251 (1989); *Jewell v. County of Nassau,* 917 F.2d 738, 740 (2d Cir. 1990). In addition, federal courts are required to borrow New York's rules for tolling the statute of limitations unless the rules are inconsistent with federal law. *Board of Regents of University of State of New York v. Tomanio,* 446 U.S. 478, 487-491 (1980). See Docket No. 18 at pages 6-7.

[3]  The prisoner "mail box rule" provides that a *pro se* prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing, *see Houston v. Lack,* 487 U.S. 266, 271 (1988); *see also Dory v. Ryan,* 999 F.2d 679, 682 (2d Cir. 1993), *modified on reh'g,* 25 F.3d 81 (2d Cir. 1994), and "'[a]bsent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it.'" *Johnson v. Coombe,* 156 F.Supp.2d 273 (S.D.N.Y.2001) (quoting *Torres v. Irvin,* 33 F.Supp.2d 257, 270 (S.D.N.Y.1998) (citing cases)).

original complaint to be timely filed.  Judge Larimer's rulings on these issues are the law of the case.

## Conclusion

It is recommended that the defendants' motion for summary judgment (Docket No. 53) be DENIED.

Pursuant to 28 U.S.C.  §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y.  Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d. Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not,

presented to the Magistrate Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 5, 2015