UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Andre Brown,

                                    Plaintiff,                            **Decision and Order**

                                                                              11-CV-35S

                  v.

C.O. Victor et al.,

                                    Defendants.

In connection with this Court's prior Decision and Order of January 13, 2017 (Dkt. No. 88), the parties arranged to conduct depositions of two witnesses today at Green Haven Correctional Facility: Rashad Scott and Warren Farrier. This morning, the Court received a telephone call from counsel for the parties with an issue that arose prior to the start of the depositions. Plaintiff Andre Brown wanted to attend each deposition in person. Defendants object on two grounds. First, defendants are concerned that Brown did not seek advance permission, through a writ or court order, for whatever logistical or security arrangements would be necessary to effect his attendance. Second, defendants explained orally that Brown's underlying state criminal history includes allegations that he intimidated trial witnesses, either directly or through others. Brown countered orally that any allegations about witness intimidation date back to 1999 under different circumstances. Brown also is eager to conclude the depositions while all counsel are present and ready to proceed.

A named party in a case has the right to attend depositions in that case, and that right has constitutional dimensions. *See Small v. N.Y.*, No. 12-CV-01236-WMS-JJM, 2015 WL 1405375, at

*1 (W.D.N.Y. Mar. 26, 2015) (citations omitted); *Tedesco v. Mishkin*, 629 F. Supp. 1474, 1481

(S.D.N.Y. 1986) (making reference to a named party's "absolute right to attend" a deposition).

That said, "[t]he court may, for good cause, issue an order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense, including . . . designating

the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E).

Exclusion of parties from depositions should be rare and should occur only in circumstances of

particularized and either imminent or ongoing harassment, conduct that demonstrates "an

irrepressible intent to continue plaintiff's harassment of defendant and his complete disregard for

judicial process." *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) (exclusion affirmed where it

followed violation of a temporary restraining order). That standard is not met here. Giving

defendants a generous understanding of their oral presentation under these expedited

circumstances, the Court can view the situation two ways. Any allegations of intimidation from

Brown's state court case did occur approximately 18 years ago, and no recent allegations have

surfaced. *Cf. Small*, 2015 WL 1405375, at *1 ("I recognize that plaintiff claims to be in fear of

Cuer; however, I note that none of the alleged incidents appear to be of very recent vintage.").

Alternatively, the parties have known for about four months that these depositions would occur,

and they revealed to the Court today that Brown and the two witnesses are currently housed at the

same facility. Any unspecified intimidation that might have been attempted would have been

attempted already and would require solutions beyond mere exclusion from the depositions.

At this point, the better remedy is to allow the depositions to proceed in the ordinary

course. The Court trusts counsel for the parties to make a record of any gestures or other conduct

that reasonably could be interpreted as attempts at intimidation, and this Order is without prejudice to defendants' right to terminate the depositions and to seek an immediate protective order in the event of a serious problem that emerges today. Today's Order also is without prejudice to any motion practice at trial that would seek to exclude use of the deposition transcripts. *See Watkins v. City of Buffalo*, No. 95-CV-0816E SC, 1999 WL 1068239, at *7 (W.D.N.Y. Nov. 12, 1999) (considering a motion to exclude deposition testimony from trial as unduly influenced by intimidation); *Smith v. Nassau Cty. Police Dep't*, No. CV-85-0314 (RJD), 1987 WL 6219, at *1 (E.D.N.Y. Jan. 20, 1987) ("To the extent that defendant is concerned that questions will be asked that are related to Officer Hughes' case and not Officer Smith's action, defendant can raise objections to such questions and seek court rulings if and when this occurs. This fear, at this point unsubstantiated, is simply an inadequate basis for excluding Officer Hughes from the depositions.").

The New York Department of Corrections and Community Supervision is respectfully directed to arrange for Brown's presence at today's depositions to the full extent allowed by Green Haven security protocols.

SO ORDERED.

__/s Hugh B. Scott_____
Honorable Hugh B. Scott
United States Magistrate Judge

DATED: May 19, 2017