UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDRE BROWN,

                           Plaintiff,                    **DECISION AND ORDER**
                                                                            11-CV-35S

          v.

C.O. VICTOR,
CORRECTION OFFICER DAMSTETTER,
C.O. CONNOLLEY, and
CHRISTINA LoVERDE

                           Defendants.

      In this action, Plaintiff Andre Brown alleges that Defendants assaulted him on October 16, 2007, while he was an inmate at the Attica Correctional Facility.  Having recently (December 2022) been released from custody as a result of his successful motion to vacate his state conviction, Brown now moves to reopen discovery to allow for limited expert discovery (vocational and economic) relating to future lost-earnings damages.  Defendants oppose Brown's request on the grounds that he failed to act diligently in not pursuing the requested discovery during the discovery period.  Further familiarity with the parties' arguments is presumed.  Having fully considered the parties' positions, this Court finds good cause to grant Brown's motion.

      District courts have wide discretion to determine the scope and process of discovery.  See EM Ltd. v. Republic of Arg., 695 F.3d 201, 2017 (2d Cir. 2012) (citation omitted).  A party seeking to reopen a closed discovery period must demonstrate "good cause" for reopening.  See Fed. R. Civ. Pro. 16 (b)(4) (providing that "[a] schedule may be modified only for good cause and with the judge's consent"); In Re Terrorist Attacks

on Sept. 11, 2001, 03 MDL 1570 (GBD)(SN), 2023 WL 1797629, at *4 (S.D.N.Y. Feb. 7, 2023) ("The legal standard for allowing additional document discovery is 'good cause'."). Six factors guide the good-cause inquiry: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party acted diligently; (5) whether the need for additional discovery was foreseeable in light of the time originally permitted for discovery; and (6) whether the discovery is likely to lead to relevant evidence.  See Moore v. Peters, 341 F.R.D. 463, 472 (W.D.N.Y. 2022); Moroughan v. Cnty. of Suffolk, 320 F. Supp. 3d 511, 515 (E.D.N.Y. 2018) (citing cases).

In this Court's view, four of the six factors weigh squarely in favor of reopening discovery to allow for the limited discovery requested.  First, trial is not scheduled to begin until June 27, 2023, and no party has yet filed any pretrial submissions.  Second, while Defendants oppose the request, their primary basis for doing so—that Brown knew during the discovery period that he was pursuing vacatur of his state conviction yet failed to disclose vocational and economic expert witnesses—is not compelling, as further discussed below.  Third, other than likely necessitating a modest adjournment of the present trial date, Defendants identify no specific prejudice.  And fourth, it is undisputed that the requested discovery is likely to lead to relevant evidence.

The fourth and fifth factors are not as clear-cut.  While it was foreseeable that Brown *could* be successful in his bid to vacate his state conviction, it is difficult to conclude under the circumstances that he failed to act diligently in not pursuing expert discovery related to that long-shot possibility.  During the discovery period, Brown was serving two

2

consecutive 20-year sentences, with little prospects for release. Pursuit of expert discovery relating to future lost earnings would therefore have been entirely contingent and speculative. It was not until December 2022 that the contingency was lifted. Moreover, given Brown's *pro se* status for much of the discovery period and his subsequent representation by counsel acting in a *pro bono* capacity, pursuit of this expert discovery in the face of such a remote contingency would likely not have been deemed the most efficient, cost-effective, or reasonable course. Although Brown or counsel could have explicitly reserved the right to pursue additional expert discovery in the event Brown's conviction was at any point vacated, this Court cannot conclude that their failure to do so constitutes a lack of diligence, particularly given the unusual circumstances of this case.

Accordingly, with the relevant factors weighing predominantly in Brown's favor, this Court finds good cause to reopen discovery for the limited purposes requested.

IT HEREBY IS ORDERED, that Plaintiff's Motion to Reopen Discovery (Docket No. 188) is GRANTED.

FURTHER, that within 14 days of the entry date of this decision, counsel for the parties must meet and confer about a discovery schedule and the need, if any, for an adjournment of the June 27, 2023 trial date.

FURTHER, that within 21 days of the entry date of this decision, counsel for the parties must file a joint written status report concerning a proposed discovery schedule and, if necessary, a proposed amended pretrial schedule and adjourned trial date.

SO ORDERED.

Dated:     February 28, 2023
           Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
