UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDRE BROWN (#00-A-3351)

                            Plaintiff,

-vs-

SGT. LoVerde, C.O. CONNELLY,
C.O. DAMSTETTER, and C.O. VICTOR,

                          Defendants.

11-CV-35-WMS-HBS

**STIPULATION OF SETTLEMENT
AND DISCONTINUANCE
PURUSANT TO RULE 41 (a)**

---

WHEREAS, plaintiff, Andre Brown, filed a lawsuit in the Western District of New York

titled: Brown v. LoVerde, et al., (11-cv-35) (the "Action"), alleging, generally, that the therein

listed defendants had violated plaintiff's rights during plaintiff's incarceration in the New York

State Department of Corrections and Community Supervision system; and

WHEREAS, defendants deny all allegations that their conduct violated plaintiff's

constitutional or other rights; and

WHEREAS, the parties are interested in entering into a resolution and have negotiated in

good faith for that purpose; and

WHEREAS, the parties hereto have agreed to settle this Action pursuant to the provisions

of Rule 41(a) of the Federal Rules of Civil Procedure;

WHEREAS, no party hereto is an infant or incompetent person for whom a committee

has been appointed, and no person not a party has an interest in the subject matter of the above-

entitled Action and the same hereby is discontinued on the merits, with prejudice, without costs

to either party as against the other; and

WHEREAS, the Department of Corrections and Community Supervision (DOCCS), as the Department having supervision of defendants, Sergeant Christina M. LoVerde, Officer Daniel Victor, Officer Patrick J. Connolly, and Officer William Damstetter, alleged to have caused the injuries herein, have approved the settlement of this Action under the terms and conditions set forth below; and

WHEREAS, defendants Sergeant Christina M. LoVerde, Officer Daniel Victor, Officer Patrick J. Connolly, and Officer William Damstetter do not admit any wrongdoing but approve settlement for the convenience of all interested parties; and

WHEREAS, the parties hereto have entered into this Stipulation of Settlement and Discontinuance, in connection with the settlement of this Action; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, plaintiff, his attorney, and the attorney of record for defendants in the above-entitled Action as follows:

1.      The above Action, Brown v. LoVerde, et al, (11-cv-35) is hereby settled upon payment of the sum of two hundred fifty thousand dollars ($250,000) and is discontinued with prejudice as to all defendants.  Payment shall be made in a check payable to plaintiff and mailed to plaintiff's address at 12 Owl Hill Road, Shelton Ct., 06484.

2.      In consideration of the payment of the sum set forth in paragraph 1, the plaintiff hereby releases the defendants, Sergeant Christina M. LoVerde, Officer Daniel Victor, Officer Patrick J. Connolly, and Officer William Damstetter, and any and all current or former employees of the Department of Corrections and Community Supervision, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and the Department of Corrections and Community Supervision, and any of its agents and

2

assigns, from any and all claims, liabilities and causes of action from the beginning of the world to the execution of this agreement that relate to the allegations set forth in the Action (i.e. claims relating to or arising out of any alleged violation of plaintiff's constitutional rights, and all other causes of action and claims of liability related to the injuries alleged by plaintiff in the Action).

3.      In further consideration of the payment of the sum(s) set forth in paragraph 1, plaintiff hereby waives, releases and forever discharges defendants and any and all current of former employees of the Department of Corrections and Community Supervision, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and the Department of Corrections and Community Supervision, and any of its agents and assigns, from any and all claims, known or unknown, arising out of the plaintiff(s) Medicare eligibility for and receipt of Medicare benefits, and/or arising out of the provision of primary payment (or appropriate reimbursement), including causes of action pursuant to 42 U.S.C. §1395y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.

4.      That payment of the sum set forth in paragraph 1 is subject to the approvals of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17.  Plaintiff agrees to execute and deliver to counsel for defendants all necessary or appropriate vouchers and other documents requested with respect to such payment.

5.      That payment of the amounts referenced in paragraph 1 will be made within one hundred and twenty (120) days after the approval of this Stipulation of Settlement by the Court and receipt by defendants' counsel of a copy of the so-ordered stipulation along with any further documentation as required herein, unless the provisions of Executive Law § 632-a apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of

3

Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

6.     That in the event that the aforementioned approvals in paragraph 4 of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17 are satisfied, but payment is not made within the 120 day or 150 day period set forth herein, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Executive Law § 632-a apply to plaintiff(s).

7.     That each party shall bear its own costs and fees relating to this proceeding and the costs and fees shall be hereby waived by the parties against each other.

8.     That nothing contained herein shall constitute an admission by defendants Sergeant Christina M. LoVerde, Officer Daniel Victor, Officer Patrick J. Connolly, and Officer William Damstetter, individually or in their official capacity, that defendants deprived the plaintiff, Andre Brown, of any right, or of failing to perform any duty under the Constitutions, Statues, Rules, Regulations or other laws of the United States or the State of New York.

9.     That this Stipulation of Settlement and Discontinuance and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except to enforce the provisions of this Stipulation of Settlement and Discontinuance.

10.    Plaintiff represents and warrants that he is not a Medicare recipient, has never been on Medicare or on Social Security Disability, that no conditional payments have been made by Medicare and that he does not expect to be a Medicare recipient within the next 30 months.

4

11. That plaintiff agrees that the defendants, Sergeant Christina M. LoVerde, Officer Daniel Victor, Officer Patrick J. Connolly, and Officer William Damstetter, the Department of Corrections and Community Supervision, and the State of New York shall not be responsible for any liens of any kind which may have attached to the proceeds from this settlement and further that plaintiff Andre Brown agrees that he will defend, indemnify and hold harmless the defendants Sergeant Christina M. LoVerde, Officer Daniel Victor, Officer Patrick J. Connolly, and Officer William Damstetter, the Department of Corrections and Community Supervision, its officers, agents and employees and the State of New York for the satisfaction of any such liens.

12. In confirmation of the agreement herein, plaintiff, his attorney, and the undersigned attorney for defendants to this Action set their signatures below.

Dated: Shelton, Connecticut
       December 20, 2023

                                    Andre Brown
                                    Plaintiff
                                    12 Owl Hill Road
                                    Shelton Ct., 06484

By: _____

                                    Andre Brown
                                    Plaintiff

Dated: Buffalo, New York
       December 20, 2023

                                    Sheldon K. Smith, Esq.
                                    Laura K. Schwalbe, Esq.
                                    Kristian D. Walker, Esq.
                                    Harter Secrest & Emery, LLP
                                    50 Fountain Plaza, Suite 1000
                                    Buffalo, NY 14202-2293

By: _____

                                    Sheldon K. Smith
                                    Plaintiff's Counsel

5

Dated: Buffalo, New York
      December 21, 2023

                                  LETITIA JAMES
                                  Attorney General of the
                                    State of New York
                                  Attorney for the Defendants
                                  New York State Office of the
                                    Attorney General
                                  350 Main Street, Suite 300A
                                  Buffalo, NY 14202
                                  Telephone: (716) 853-8440
                                  *Ryan.Belka@ag.ny.gov*

               By:    *Ryan L. Belka, Esq.*
                            Ryan L. Belka
                            Assistant Attorney General

Dated: Buffalo, New York
      December ___, 2023

SO ORDERED:

                                _____
                                Hon. William M. Skretny
                                United States District Court Judge

6